**In re ALAN WOOD STEEL COMPANY, Debtor.**

**Bankruptcy No. 77–930G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Sept. 9, 1981.

Pace Reich, Joseph F. Messina, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., for Class C Creditors' Committee.

John J. Leshinski, UNIVAC, Division Headquarters, Blue Bell, Pa., for pension claimants, Paul A. Hicks, Joseph S. Griesbaum, Richard F. Carter, John R. Mayer, Wallace K. Matthew.

Leonard L. Ettinger, Philadelphia, Pa., for Class C Creditors.

John S. Estey, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for debtor, Alan Wood Steel Co.

Edward J. Dwyer, Gwynedd Valley, Pa., receiver.

Adelman & Lavine, Nathan Lavine, Philadelphia, Pa., for receiver.

Fell, Spalding, Goff & Rubin, Alexander N. Rubin, Jr., and Sklar, Pearl, Lichtenstein & Sklar, Lawrence J. Lichtenstein, Philadelphia, Pa., for Unsecured Creditors' Committee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether we should sustain the objections filed by the Class C

Creditors' Committee to the claims for pension rights of six former employees of the debtor. We conclude that we should sustain the objections to the claim of any employee whose employment contract did not entitle him to the claimed pension benefit, but we should deny the objections to the claim of any employee whose employment contract entitled him to a claim against the debtor for pension rights.

The facts of the instant case are as follows:[1] On June 16, 1977, Alan Wood Steel Company ("the debtor") filed a petition for an arrangement under chapter XI of the Bankruptcy Act ("the Act").[2] At that time the six claimants herein[3] were employees of the debtor who had not been employed by the debtor for the ten years required by the terms of the debtor's pension plan in order for such employee to be entitled to any pension benefits. However, each of the claimants filed a proof of claim in the instant proceedings which included a claim for pension benefits that each of the claimants asserts he is entitled to pursuant to his individual employment contract. Counsel for the Class C Creditors' Committee[4] ("the Committee") objected to the proofs of claim to the extent that they included the claimed pension benefits. According to the calculations made for the Committee by the Pension Benefit Guaranty Corporation ("PBGC"), the claimants are not entitled to any pension benefits. The Committee admits, however, that in calculating those benefits, the PBGC did not consider any contract rights of employees other than the debtor's pension plan. In so doing the Committee insists that all employees were treated equally and fairly. However, we conclude that, if the claimants herein are correct in asserting that their individual employment contracts gave them additional pension rights, then to ignore those contracts would not be treating these claimants fairly. We will, therefore, examine each claimant's contract.

The parties have agreed, however, that there are several facts which are identical with respect to each of the claimants herein: each was recruited by the debtor from rival steel companies, each was a salaried employee, each entered into an individual employment contract with the debtor, each was promised (in the employment contract) that his previous service with the rival steel company would be included in determining his pension benefits, each did not have a vested pension right at the time he left his former employer, and at the time the debtor filed its petition each did not have a vested pension right according to the terms of the debtor's pension plan. The nub of the claimants' position is that, although they are not entitled to pension benefits under the terms of the pension plan alone, their employment contracts entitle them to those benefits. The basis of the Committee's objection is that the claimants are not entitled to pension benefits under either the pension plan or their individual employment contracts. To resolve this issue it is necessary to examine each of the individual employment contracts. Those contracts may be divided into three categories.

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. While the Act has been superseded by the Bankruptcy Code as of October 1, 1979, its provisions still govern petitions filed before that date. The Bankruptcy Reform Act of 1978, Pub.L.No.95–598, § 403, 92 Stat. 2683 (1978).

3. The claimants are: Albert J. Moresco, Richard F. Carter, John R. Mayer, Joseph S. Griesbaum, Paul A. Hicks and Wallace K. Matthews.

4. The Committee represents all of the Class C Creditors which are the employees and former employees of the debtor who have claims against the debtor. Under the debtor's modified plan of arrangement, a fund was paid to a special disbursing agent for the Class C Creditors. The claims of Class C Creditors were to be resolved through a process of (1) negotiations with the employee, (2) arbitration, and finally (3) proceedings before this court. All claims of Class C Creditors, except for the six before us now, were resolved at the first two levels.

**(1)** *Albert J. Moresco and Richard F. Carter*

■ The relevant provision of Moresco's employment contract and Carter's employment contract are identical and provide:

... Employee's service with Employer and his past service with U.S. Steel Corporation shall be recognized in determining *when* Employee qualifies for all Employer benefit plans, including but not limited to, pension, and future regular vacation and "B" and "C" service bonus units. It is understood and agreed that this Agreement shall in no way change, alter, amend or otherwise affect Employer's Pension Plan. Employer shall from month to month make up the difference, if any, between the amount computed as the monthly benefit payment due Employee and the monthly benefit payment Employee receives under the terms of Employer's Pension Plan which Plan would not, under its terms, allow credit for Employee's service with U.S. Steel Corporation. (Emphasis added.)

We conclude that the above provision clearly states that the employees' past service shall be taken into account in determining *when* he qualifies for a pension. However, it further states that the foregoing provision shall not alter the debtor's pension plan (which does not allow the addition of time for prior employment). To reconcile both of these provisions, the contract states that the debtor will itself make up any difference in pension due the employee under that contract (which permits the addition of prior employment to determine when the employee qualifies for a pension) compared with the pension due the employee under the pension plan (which does not permit the addition of prior employment). Under our interpretation of the above contract provision, both Moresco and Carter are entitled to pension benefits. Moresco had worked for his prior employer for approximately 10½ years and had worked for the debtor for over 9 years. Under the terms of his

employment contract, then, Moresco's entire length of service for both employers (i. e., 19½ years) is to be used to determine *when* he became eligible for a pension. Since pension benefits vest after ten years, Moresco's benefits did vest. However, because the pension plan will not give Moresco credit for the 10½ years of service with his prior employer and because the length of Moresco's service with the debtor was less than 10 years, Moresco is entitled to receive nothing in monthly payments under the pension plan. As a result, by the terms of the employment contract quoted above, the debtor is obligated to pay to Moresco the entire amount of pension benefits based on 19½ years of service.

Carter's situation is similar. He had worked for his prior employer for 17½ years and had worked for the debtor for 7½ years. Since the total (25 years) is to be used to determine *when* Carter is eligible for a pension and since that total exceeds the required 10 years, we conclude that Carter's pension rights vested. Again, however, because the terms of the pension plan preclude the consideration of the prior service and because the length of Carter's service with the debtor was less than 10 years, Carter will receive nothing in monthly pension benefits under the pension plan. Consequently, by the terms of the employment contract, the debtor is obligated to pay to Carter the entire amount of pension benefits based on 25 years of service.

Accordingly, we will deny the objections of the Committee to the proofs of claim filed by Moresco and Carter for pension benefits and allow their claims for those benefits in the amount of $25,000 each.[5]

**(2)** *John R. Mayer*

The applicable provisions of Mayer's employment contract with the debtor state:

3. Employer agrees to credit Employee with his past service with United

---

**5.** Counsel for the Class C Creditors' Committee has agreed to establish the amount of each allowed pension benefit as a cash settlement of

$25,000—to be included in the unsecured portion of each claim if its objection to that part of the claim is denied.

States Steel Corporation from October 1, 1951 to April 13, 1969 *in computing his pension benefit....*

*Only Employee's actual service with Employer shall be recognized and considered in determining when Employee qualifies to receive a pension*, the vesting of benefits, and all other provisions of the plan except with respect to those relating to determining the applicable amount of payment, in which case Employee's past service shall be considered as set forth above.

It is understood and agreed that this Agreement shall in no way change, alter, amend or otherwise affect Employer's pension plan. Employer shall from month to month make up the difference, if any, in any payments Employee receives under the terms of Employer's pension plan which would not, under the terms of said plan, allow credit for Employee's service with United States Steel Corporation from October 1, 1951 through April 13, 1969. (Emphasis added.)

■ The above contract provisions are different from those contained in the contract provisions of Moresco and Carter in that, in Mayer's case, his prior service is to be recognized in computing the *amount* of his benefits but not in determining *when* those benefits accrue, while in Moresco's and Carter's cases their prior service was to be included in determining *when* their benefits accrued.

Because of that difference in language, we conclude that under Mayer's employment contract only his actual years of service for the debtor may be used to determine *when* he became eligible for a pension. Since Mayer's actual years of service with the debtor were less than 10, Mayer's pension rights never vested. Consequently, we conclude that Mayer is not entitled to any pension benefits and we will, therefore, sustain the objections of the Committee to the portion of Mayer's proof of claim which is based on pension benefits.

(3) *Joseph S. Griesbaum, Paul A. Hicks and Wallace K. Matthews*

The relevant provisions of the employment contracts of Griesbaum, Hicks and Matthews provide:

3. *Employee's actual service with Employer shall be used in determining whether or not all provisions of Employer's Pension Plan, other than those provisions used in computing the monthly benefit*, if any, that is due, are applicable to Employee. *If it is found that Employee's service with Employer qualifies him to receive a pension from Employer, Employee's total service* with United States Steel Corporation and Employer *will be used in determining the total value of his monthly pension benefit.*

... In the event that Employee's employment with Employer is terminated for any reason ... Employee's actual service with Employer shall run from [the beginning date of his employment with the debtor] to the date of such termination. (Emphasis added.)

■ The first paragraph quoted above clearly provides that only the employees' actual service with the debtor shall be used to determine if and when they qualify for pensions. In the instant case, none of the three employees had worked for the debtor for the 10 years required by the pension plan to qualify them for pension benefits. Consequently, we conclude that they are not entitled to any pension benefits under the first paragraph quoted above.

This conclusion is further bolstered by the second paragraph above which provides that if the employee's employment is terminated "for any reason" then the employee's actual service shall be computed from the date he became employed by the debtor to the date of that termination. Since "for any reason" clearly includes termination of employment due to the filing of a petition under the Bankruptcy Act, we conclude that Griesbaum, Hicks and Matthews are

not entitled to any pension benefits and will, therefore, sustain the objections of the Committee to their proofs of claim for pension benefits.